**Taranjit SINGH, aka Tranjeet Singh, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–73982.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 5, 2005.*

Decided Dec. 12, 2005.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*     Fed. R.App. P. 34(a)(2).

**46**

Before: GOODWIN, W. FLETCHER and FISHER, Circuit Judges.

MEMORANDUM **

Taranjit Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming the Immigration Judge's denial of his applications for asylum and withholding of removal, and request for relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence an adverse credibility finding and will uphold the BIA's decision unless the evidence compels a contrary conclusion. *Malhi v. INS*, 336 F.3d 989, 992–93 (9th Cir.2003). We deny the petition for review.

We conclude that substantial evidence supports the BIA's decision because Singh's testimony that his father died at the hands of Punjabi police in 2001 is directly contradicted by his father's signature on an affidavit dated 2002, which Singh submitted at his bond hearing. *See Pal v. INS*, 204 F.3d 935, 938 (9th Cir. 2000) (documents submitted by petitioner which contradict petitioner's testimony form the basis for an adverse credibility finding).

Substantial evidence also supports the BIA's conclusion that Singh gave false testimony and filed a frivolous asylum application. *Cf. Farah v. Ashcroft*, 348 F.3d 1153, 1157–58 (9th Cir.2003) (citing 8 U.S.C. § 1158(d)(6) and 8 C.F.R. § 208.20, and laying out criteria for finding an application is frivolously filed).

Because Singh failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See id.* at 1156.

Because Singh's claim under the CAT is based on the same testimony that

was found not credible, and he points to no other evidence that he could claim the BIA should have considered in making its determination under CAT, his CAT claim also fails. *See id.* at 1157.

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.